IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FREDDIE M. AVILES, individually and )<br>dba DUGANS CAFÉ, )<br>)<br>Defendants ) <br>_____ ) | 1: 03-CV-6400 AWI SMS<br><br>ORDER AUTHORIZING PROCESS SERVER TO LEVY EXECUTION PURSUANT TO CALIFORNIA CIVIL PROCEDURE CODE § 699.080<br><br>[Documents #35 & #36] |

## BACKGROUND

On March 26, 2004, the court granted Plaintiff's motion for default judgment, and on March 29, 2004, the Clerk of the Court entered default judgment in favor of Plaintiff.

On April 25, 2007, Plaintiff filed an ex parte application for entry of an order authorizing a process server to levy execution pursuant to California Civil Procedure Code § 699.080.  On June 14, 2007, Plaintiff's attorney filed a supplemental declaration supporting the application.

## DISCUSSION

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure.   Rule 69(a) provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought,

except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.Pro. 69(a). Pursuant to Rule 69(a), post-judgment enforcement proceeding must comply with California law. Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342, 1344 (9th Cir. 1997); Hilao v. Estate of Marcos, 95 F.3d 848, 850 (9th Cir.1996).

Under California law, a registered process server may levy under a writ of attachment. See Cal.Civ. Proc. Code § 488.080. A registered process server is a person registered as a process server pursuant to the Business and Professions Code. See Cal.Civ. Proc. Code § 481.250 (citing Cal. Bus. & Prof. Code §§ 22350 to 22360). This authority is limited to cases where the levy does not involve the possibility of taking immediate possession of the property. See CA Jur. 3d Creditors' Rights and Remedies § 182 (citing Law Revision Commission Comment to Cal.Civ.Pro. Code § 488.080 and Legislative Committee Comment to Cal.Civ.Pro. Code § 699.080). California Civil Procedure Code § 488.080(a) provides the requirements on a process server.

> (b) Before levying under the writ of execution, the registered process server shall deposit a copy of the writ with the levying officer and pay the fee provided by Section 26721 of the Government Code.
> (c) If a registered process server levies on property pursuant to subdivision (a), the registered process server shall do both of the following:
>     (1) Comply with the applicable levy, posting, and service provisions of Article 4 (commencing with Section 700.010).
>     (2) Request any third person served to give a garnishee's memorandum to the levying officer in compliance with Section 701.030 on a form provided by the registered process server.
> (d) Within five days after levy under this section, all of the following shall be filed with the levying officer:
>     (1) The writ of execution.
>     (2) An affidavit of the registered process server stating the manner of levy performed.
>     (3) Proof of service of the copy of the writ and notice of levy on other persons, as required by Article 4 (commencing with Section 700.010).
>     (4) Instructions in writing, as required by the provisions of Section 687.010.
> (e) If the fee provided by Section 26721 of the Government Code has been paid, the levying officer shall perform all other duties under the writ as if the levying

> officer had levied under the writ and shall return the writ to the court. If the registered process server does not comply with subdivisions (b) and (d), the levy is ineffective and the levying officer is not required to perform any duties under the writ and may issue a release for any property sought to be levied upon.
> (f) The fee for services of a registered process server under this section shall be allowed as a recoverable cost pursuant to Section 1033.5.
> (g) A registered process server may levy more than once under the same writ of execution, provided that the writ is still valid.

Cal.Civ.Pro. Code § 699.080.

The court has reviewed the documents filed by Plaintiff. The court finds that DDS Legal Support System/VSC Attorney Service is a registered process server, having filed a certificate of registration with the County Clerk, Los Angeles County Superior Court. Based on the declarations of Plaintiff's attorney, the court finds that the interests of justice would be served by relieving the United States Marshall from effectuating certain types of services necessary to effectuate collection of the Judgment in this action. The court also notes that the use of a process server is routine in the enforcement of judgments and is authorized by California law.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may employ the services of DDS Legal Support System/VSC Attorney Service to perform the duties and responsibilities of levying officer as defined under California Civil Procedure Code § 699.080.

2. DDS Legal Support System/VSC Attorney Service SHALL comply with the requirements of the California Code of Civil Procedure concerning the enforcement of judgments, including California Civil Procedure Code § 699.080.

IT IS SO ORDERED.

Dated:   **June 22, 2007**            /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE